IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JANE DOE**, | Case No. 3:13-cv-1974-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **HOUSING AUTHORITY OF PORTLAND,** a public municipal corporation, d/b/a **HOME FORWARD;** et al., | |
| Defendants. | |

On April 1, 2015, the Court issued an Order construing Plaintiff's email requesting additional time to file her Notice of Appeal[1] as a motion for an extension of time under Federal Rule of Appellate Procedure 4(a)(5)(A)(i).[2] Dkt. 67. On April 2, 2015, Defendants filed their opposition to Plaintiff's motion for an extension of time. Dkt. 69. Defendants argue that in her email Plaintiff failed to offer any explanation for why she was unable timely to file her Notice of Appeal and therefore did not demonstrate "excusable neglect" or "good cause" as required under Federal Rule of Appellate Procedure 4(a)(5)(A)(ii). The Court permitted Plaintiff to file a reply

---

[1] Plaintiff's email is attached hereto as Appendix 1.

[2] This is consistent with the instruction from the U.S. Court of Appeals for the Ninth Circuit that courts should "liberally constru[e] pro se litigants' filings as the appropriate motion or notice necessary for them to pursue their legal claims on appeal." *U.S. v. Withers*, 638 F.3d 1055, 1061 (9th Cir. 2011).

PAGE 1 – OPINION AND ORDER

in support of her motion for an extension of time, in which she provides further information regarding her need for an extension. Dkt. 73.

After the Court issued its Order on April 1, 2015, in which the Court noted that Plaintiff had filed her Notice of Appeal on March 31, 2015 (six days late), the docket was updated to reflect Plaintiff's actual filing date of her Notice of Appeal, which was filed on March 27, 2015. Thus, Plaintiff filed her Notice of Appeal two days late and the Court construes her March 26, 2015 email as a motion for an extension of two days to file Plaintiff's Notice of Appeal.

Under Federal Rule of Appellate Procedure 4(a)(5)(A), a district court may extend the time for filing a notice of appeal if a party shows "good cause" or "excusable neglect." "Good cause" applies when there has been no fault by the appellant, excusable or otherwise. Fed. R. App. P. 4 Adv. Comm. Notes to 2002 Amendments. This generally occurs when the delay is caused by persons outside the control of the appellant. *Id.* Good cause is not at issue in this case.

Regarding "excusable neglect," the U.S. Court of Appeals for the Ninth Circuit's "'strict standard,' which required both a showing of extraordinary circumstances that prevented timely filing and injustice resulting from denying an extension, gave way to an equitable determination that involves consideration of the four *Pioneer*[3] factors." *Pincay v. Andrews*, 389 F.3d 853, 856 (9th Cir. 2004). These factors are: (1) the danger of prejudice to the non-moving party; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the moving party's conduct was in good faith. *Pioneer*, 507 U.S. at 395.[4]

---

[3] *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380 (1993).

[4] Although *Pioneer* specifically addressed "excusable neglect" under the Federal Rules of Bankruptcy Procedure, its reasoning also applies to the determination of "excusable neglect" under Federal Rule of Appellate Procedure 4(a)(5)(A). *See Marx v. Loral Corp.*, 87 F.3d 1049,

PAGE 2 – OPINION AND ORDER

The Court finds that factors one, two, and four support granting an extension and do not warrant further discussion. The dispute between the parties appears to be centered around factor three, the reason for the delay.

Plaintiff is proceeding pro se. On March 26, 2015, one day after the deadline for her to file her Notice of Appeal, Plaintiff emailed the Court and noted that she was having technical difficulties and requested she be permitted to file her Notice of Appeal the next day, March 27, 2015. Appendix 1 (March 26, 2015 email from Plaintiff, with attachment). Plaintiff also attached her Notice of Appeal to the email sent to the Court on March 26, 2015 and asked if the Court could file it on her behalf. In Plaintiff's Notice of Appeal attached to her email, she stated that the Notice was timely because Plaintiff calculated her deadline by adding three days pursuant to Federal Rule of Civil Procedure 6(d). Plaintiff, however, erred in adding three days to her deadline. The three extra days are provided when a party must act within a specified time after *service*, and does not apply to a notice of appeal because the triggering event for the party to act is not *service*, but is the *entry* of the judgment. *See Kyle v. Campbell Soup Co.*, 28 F.3d 928, 930 (9th Cir. 1994) (finding, in the context of an attorney's fee motion, that when a deadline commences upon "the entry of final judgment" the three additional days does not apply).

Plaintiff notes in the documents filed in support of her motion for an extension her "blundering attempt to comprehend and bring together local court district rules with appellate rules by this non-attorney" and that she "has been struggling a[t] every step as a pro se throughout this civil rights housing accommodation suit to meet filing deadlines due to digital illiteracy, chronic computer and health problem[s] and lack of knowledge." She further acknowledges that she is now "painfully aware" that she has misread court rules and miscounted

---

1054 (9th Cir. 1996), *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012).

PAGE 3 – OPINION AND ORDER

deadlines. Although generally ignorance of the law or rules is not "excusable neglect," it may be found to be so where the reading of the law or rule was a "plausible misconstruction." *See Reynolds v. Wagner*, 121 F.3d 716, 1997 WL 423012, at *2-3 (9th Cir. 1997) (citing with approval *Prizevoits v. Indiana Bell Tel. Co.*, 76 F.2d 132, 134 (7th Cir. 1996) and *United States v. Hooper*, 43 F.3d 26, 29 (2d Cir. 1994) for the proposition that "error in interpreting court rules inexcusable unless the error is a 'plausible misinterpretation'"). Further, in light of the equitable considerations established in *Pioneer*, there is no *per se* rule against a finding of excusable neglect based on an *attorney's* misreading of a rule. *Pincay*, 389 F.3d at 859-860 (rejecting a *per se* rule that failure properly to read a rule cannot be excusable neglect and affirming the district court's finding of excusable neglect despite recognizing "that a lawyer's failure to read an applicable rule is one of the least compelling excuses that can be offered"). Such equitable considerations in evaluating the misreading of a rule are even stronger in the context of a *pro se* litigant, who is not trained in the law.

The Court finds that Plaintiff's confusion regarding the applicability of the extra three days is a "plausible misconstruction" of the rule. In light of the facts of this case, the *Pioneer* factors, and the equitable considerations, the Court finds that Plaintiff's two-day delay in filing her Notice of Appeal is attributable to excusable neglect.

## CONCLUSION

Plaintiff's motion for an extension of time to file her Notice of Appeal is GRANTED. Plaintiff's Notice of Appeal is timely.

**IT IS SO ORDERED**.

DATED this 15th day of April, 2015.

/s/ Michael H. Simon  
Michael H. Simon  
United States District Judge

PAGE 4 – OPINION AND ORDER